UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:24-CR- 132 |
| | : | |
| v. | : | (Judge Mannion |
| | : | |
| CHRISTOPHER FOSTER, | : | |
| Defendant. | : | |

**FILED**
**SCRANTON**

MAY 2 1 2024

PER_____

DEPUTY CLERK

## I N D I C T M E N T

**THE GRAND JURY CHARGES:**

### COUNT 1
18 U.S.C. § 2251(a)
(Attempted Production of Child Pornography)

Beginning on or about December 23, 2022, and continuing through on or about December 27, 2023, in Wayne County, in the Middle District of Pennsylvania and elsewhere, the defendant,

**CHRISTOPHER FOSTER,**

did attempt to use, employ, persuade, induce and entice Minor #1, who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knew and had reason to know that such visual depiction would be transported, using any means and facility of interstate and foreign commerce and in and affecting commerce, including by computer.

All in violation of Title 18, United States Code, Section 2251(a) and (e).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 2</u>
18 U.S.C. § 2251(a)
(Attempted Production of Child Pornography)

Beginning on or about August 21, 2023, and continuing through on or about December 27, 2023, in Wayne County, in the Middle District of Pennsylvania and elsewhere, the defendant,

**CHRISTOPHER FOSTER,**

did attempt to use, employ, persuade, induce and entice Minor #2, who had not attained the age of 18 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knew and had reason to know that such visual depiction would be transported, using any means and facility of interstate and foreign commerce and in and affecting commerce, including by computer.

All in violation of Title 18, United States Code, Section 2251(a) and (e).

THE GRAND JURY FURTHER CHARGES:

**COUNT 3**
18 U.S.C. § 2422(b)
(Attempted Online Enticement)

Beginning on or about December 23, 2022, and continuing through on or about December 27, 2023, in Wayne County, in the Middle District of Pennsylvania and elsewhere, the defendant,

**CHRISTOPHER FOSTER,**

did use a means of interstate and foreign commerce, specifically the internet and an electronic device, to knowingly attempt to persuade, induce, entice, and coerce Minor #1 who had not attained the age of 18 years, to engage in sexual activity for which he could be charged with a criminal offense that is, Sexual Abuse of Children, in violation of Title 18, Pa.C.S.A. §6312(b), and Sexual Exploitation of Children, in violation of Title 18 U.S.C. §2251(a), (e).

All in violation of Title 18, United States Code, Section 2422(b).

THE GRAND JURY FURTHER CHARGES:

**COUNT 4**
18 U.S.C. § 2422(b)
(Attempted Online Enticement)

3

Beginning on or about August 21, 2023, and continuing through on or about December 27, 2023, in Wayne County, in the Middle District of Pennsylvania and elsewhere, the defendant,

**CHRISTOPHER FOSTER,**

did use a means of interstate and foreign commerce, specifically the internet and an electronic device, to knowingly attempt to persuade, induce, entice, and coerce Minor #2 who had not attained the age of 18 years, to engage in sexual activity for which he could be charged with a criminal offense that is, Sexual Abuse of Children, in violation of Title 18, Pa.C.S.A. §6312(b), and Sexual Exploitation of Children, in violation of Title 18 U.S.C. §2251(a), (e).

All in violation of Title 18, United States Code, Section 2422(b).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 5**</u>
18 U.S.C. § 2252(a)(4)(B), (b)(2)
(Possession of Child Pornography)

On or about December 27, 2023, in Wayne County, in the Middle District of Pennsylvania, the defendant,

**CHRISTOPHER FOSTER,**

4

did knowingly possess one or more matters which contained visual depictions of minors engaging in sexually explicit conduct, that had been transported and shipped using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that were produced using materials which had been shipped and transported in interstate and foreign commerce, and the production of these visual depictions involved the use of minors, including minors under the age of 12 years, engaging in sexually explicit conduct, and the visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2428 and Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2428, and Title 18, United States Code, Section 2253, upon conviction of an offense in

violation of Title 18, United States Code, Section 2251(a) and (e), and Title 18, United States Code, Section 2422(b), and Title 18, United States Code, Section 2252(a)(4)(B), the defendant,

## CHRISTOPHER FOSTER

shall forfeit to the United States of America:

    a.    Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses;

    b.    Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    c.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

    d.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

The property to be forfeited includes, but is not limited to, the following:

    a.      an Apple iPhone 12 Pro Max, bearing serial number FZLF67MV0D43;

    b.      an Apple iPhone A2172, bearing serial number DX3J95V60DXW;

    c.      an Apple iPhone A1349, bearing an unknown serial number;

    d.      an Apple iPhone A1586, bearing IMEI number 355400073678313;

    e.      an Apple iPhone A1864, bearing an unknown serial number;

    f.      an ASUS Laptop model FX5046, bearing serial number JANRCX00Y45741B;

    g.      a X-Box gaming device, bearing serial number

20445823117;

    h.    a HP Pavilion, bearing serial number 5CD0276ZQT;

    i.    a Sandisk 512 GB drive, bearing serial number 04011A1BE5208CA3; and

    j.    a Samsung SM-G991U, bearing serial number R5CR614RHJV.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 2428, and

Title 18, United States Code, Section 2253.


A TRUE BILL


GERARD M. KARAM
United States Attorney


TATUM R. WILSON
Assistant United States Attorney

5/21/24
Date